In the Matter of ARTHUR M. GOLDBERG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 5, 1963.

*Eric Nightingale* (*Michael Franck* of counsel), attorney for petitioner.

*James Fuery* for respondent.

*Per Curiam.* Respondent's motion to remand this matter to the Referee was denied without prejudice to renewal thereof

upon submission of an affidavit of merits. The affidavit so submitted is insufficient to warrant the requested remand and the renewed motion is therefore denied.

The record shows clearly a gross indifference to professional obligations. While counsel for the administrator of an estate and charged with the duty of preparing the Federal estate tax return, respondent not only neglected his task but also represented to his client that he had obtained a 90-day extension of time within which to file the return. Because of respondent's continued failure to prepare the return, it was prepared by the administrator and was filed a day before the expiration of the 90-day period. In fact, respondent had obtained only a 30-day extension. As a result of the belated filing, the administrator was subjected to an additional assessment of approximately $20,000. Had respondent exercised due care in the preparation of the return or truthfully stated the duration of the extension, it is clear that the assessment would have been avoided. Again, when charged by a client with the duty of transmitting $25, part of certain settlement moneys, to the client's physician, he entrusted the sum to a messenger who failed to deliver it. Although respondent became aware of the failure, he ignored all inquiries and waited until the institution of the present proceeding before paying the physician.

Additionally, in 1960 and 1961 respondent issued a number of checks which were dishonored because his bank balance was insufficient or his bank account closed.

Respondent is a single practitioner who has evidently suffered financial reverses as well as periods of ill health. These circumstances were not of a character to excuse inattention to duty undertaken, and in any event would not justify active misconduct. Nor do they condone respondent's failure to answer the petition and supplemental petition herein, his disregard of petitioner's subpœna and correspondence, or his omission to supply promised medical affidavits.

Respondent should be suspended for a period of two years. In view of the indifference to his professional survival as manifested at times by respondent, and his record of professional irresponsibility, he will be required upon his application for reinstatement to make a clear showing that he will be fit to resume the practice of law.

Botein, P. J., Breitel, Valente, McNally and Eager, JJ., concur.

Respondent suspended for a period of two years.